UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                         )
WARREN WABST,                                            )
                                                         )
            Plaintiff,                                   )
                                                         )            COMPLAINT
-against-                                                )            JURY TRIAL DEMANDED
                                                         )
NEW YORK CITY FIRE DEPARTMENT;                           )
NICHOLAS SCOPPETTA, as Commissioner                      )            05 Civ. 5736 (RJH)
of the New York City Fire Department; and                )            ECF CASE
THE CITY OF NEW YORK,                                    )
                                                         )
            Defendants.                                  )
                                                         )
------------------------------------------------------------X

            The Complaint of plaintiff WARREN P. WABST, by his attorneys Gordon,

Gordon & Schnapp, P.C., respectfully states the following:

Preliminary Statement

            1.      This action is commenced pursuant to the Americans with Disabilities

Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., New York State Executive Law

("Executive Law") § 296, New York City Administrative Code ("Code") §§ 8-107 and 8-

502, 42 U.S.C. § 1983, and other applicable provisions of federal, state, and local laws,

rules and/or regulations.  Plaintiff alleges, inter alia, that defendants discriminated and

retaliated against him because of a disability from which he suffers and because of the

medication he has been required to take by: (i) terminating him from his position as a

New York City Firefighter; (ii) failing and refusing to accommodate his disability; (iii)

unlawfully delaying his reinstatement as an Emergency Medical Technician ("EMT"); (iv)

preferring disciplinary charges against him as an EMT; and (v) terminating him from the

position of EMT.  Plaintiff also alleges that defendants' policy of preferring disciplinary

charges against and terminating individuals who take prescription medication has an adverse impact on persons who suffer from plaintiff's disability and/or similar disabilities. Plaintiff seeks, inter alia, reinstatement Firefighter and/or EMT, with full back-pay, compensatory and punitive damages, front-pay to the extent reinstatement is not available, and reasonable attorneys fees and other costs and disbursements.

## Jurisdiction

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 12117 and 12203.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate the New York State and local law claims asserted herein.

4.    Venue is proper on the grounds that Defendants maintain offices located within the Southern District of New York.

5.    This Court is authorized by 42 U.S.C. § 12117 and Sections 706(g) and (k) of Title VII, 42 U.S.C. § 2000e-5(g) and (k), and/or by applicable provisions of New York State and New York City local law to grant the relief requested herein.

## The Parties

6.    Plaintiff WARREN P. WABST is, and at all material times herein has been, a citizen and resident of the City and State of New York.

7.     Defendant NEW YORK CITY FIRE DEPARTMENT ("FD") is, and at all material times herein has been, an agency of the City of New York, created and existing pursuant to Chapter 19 of the New York City Charter.

8.   Defendant NICHOLAS SCOPPETTA, and/or his predecessors and successors, is and at all material times herein has been the Commissioner of the FD and, as such, has all the powers and duties provided for in §§ 481-492 of the New York City Charter and § 15-110 of the Code.

9.   Defendant CITY OF NEW YORK (the "City") is, and at all material times herein has been, a municipal corporation organized and existing pursuant to the laws of the State of New York.

<u>Factual Allegations</u>

10.   In or before 1991, plaintiff was diagnosed as having and suffering from Irritable Bowel Syndrome (plaintiff's "condition").  Plaintiff has continued to suffer from this condition since that time.

11.   Plaintiff's condition requires, and in the past has required, <u>inter</u> <u>alia</u>, that he take prescription medication.  Absent such medication, plaintiff's condition would cause him substantial pain and would make it impossible for him to live a normal life.

12.   Plaintiff's condition constitutes a "disability" within the meaning of the ADA, Executive Law §296, and Code § 8-107.

13.   Plaintiff has, at all times since in or about 1991, been under the care of a physician for his condition and taken prescription medication to treat his condition.

14.   The medication plaintiff has taken to treat his condition has allowed him to be employed and has not interfered with his ability to perform the essential functions of the jobs he has held.

15.   Plaintiff has been employed by the FD since in or about 2000.

16.   On or about April 24, 2000 plaintiff was appointed to the title of EMT in the FD.

17.   In or about April 2001, plaintiff duly completed his probationary period as an EMT and became a permanent EMT.

18.   As a tenured EMT, plaintiff enjoyed a property right in his position and could only be removed therefrom upon stated charges, prior notice, and a hearing.

19.   Prior to 2003, plaintiff took and passed an examination for appointment to the position of Firefighter in the FD.

20.   On or about February 3, 2003, plaintiff was appointed to the position of Firefighter in the FD.  This appointment was subject to a one-year probationary period.

21.   On February 2, 2003, and prior to his appointment as Firefighter, plaintiff duly requested and was granted a one-year leave of absence from his position as an EMT.  Upon information and belief, plaintiff's leave of absence allowed him to be returned to his position as an EMT in the event that he did not complete his probationary period as a Firefighter.

22.   Plaintiff duly and satisfactorily completed his Firefighter training at the FD Academy by April 2003.

23.   On or about April 30, 2003 plaintiff was assigned to Engine Company 157, where he served until December 2003.

24.   Plaintiff's performance as a Firefighter and an EMT in the FD was at all times satisfactory.

25.   On or about November 5, 2003, plaintiff was required to take a

medical examination, including but not limited to a physical exam and a drug screening, in order to progress from Sixth Grade to Fifth Grade Firefighter.  Plaintiff appeared for and took this medical examination.

26.   Plaintiff's November 5, 2003 medical examination revealed that he was taking medication to treat his condition.

27.   On December 8, 2003, defendants terminated plaintiff's employment as a Firefighter.

28.   Upon information and belief, defendants terminated plaintiff because of his condition and because of his use of medication to treat his condition.

29.   As a result of his termination from the position of Firefighter, plaintiff has lost salary, seniority, pension credits, benefits, and promotional opportunities, and also sustained emotional distress, humiliation, and mental anguish.

30.   Upon information and belief, upon terminating plaintiff as a Firefighter, defendants were obliged to restore him, forthwith, to his permanent EMT title.

31.   On or about December 8, 2003, after his termination from Firefighter, plaintiff duly asked the FD to reinstate him to EMT.

32.   On December 22, 2003, after defendants had failed to reinstate him, plaintiff duly submitted a written request to be reinstated to EMT.

33.   On or about January 2 and January 15, 2004, plaintiff made a second and third written request to be reinstated to EMT.

34.   Notwithstanding the foregoing requests, defendants did not reinstate

plaintiff to EMT until on or about January 26, 2004.

35.   Upon information and belief, defendants delayed reinstating plaintiff to his position as an EMT because of his disability, his use of medication to treat his condition, and/or for other arbitrary and unlawful reason.

36.   As a result of defendants' delay in reinstating him to EMT, plaintiff has lost salary, seniority, benefits, and pension credits.

37.   On or about January 26, 2004, defendants preferred charges and specifications against plaintiff related to medication he took to treat his condition while he was a Firefighter.  Defendants sought plaintiff's termination from EMT based on these charges.

38.   On or about July 23, 2004, defendants preferred a second set of charges and specifications against plaintiff related to medication he took to treat his condition while he was a Firefighter and his alleged failure to disclose his disability and the medication he took to treat his disability to the FD and, as with the January 26, 2004 charges, sought plaintiff's termination as a penalty.  On or about August 4, 2004, defendants amended some of the charges preferred against plaintiff.

39.   Plaintiff duly and timely challenged the aforesaid disciplinary charges by filing grievances pursuant to the applicable union grievance procedure.  Defendants held Step II hearings on these charges on May 24, 2004 and October 20, 2004.

40.   In or about August 2004 defendants found plaintiff fit for full duty as an EMT.

41.   On or about March 10, 2005, defendants issued what purported to be

a consolidated determination on plaintiff's Step II grievance concerning the two sets of disciplinary charges preferred against him, upholding the recommended penalty of termination.

42.   On or about March 25, 2005, defendants terminated plaintiff from his position as an EMT.

43.   Upon information and belief, defendants preferred charges against plaintiff and terminated his employment, because of his condition and because of his use of medication to treat his condition and in retaliation for his complaints of discrimination.

44.   As a result of the charges preferred against him and his termination from the position of EMT, plaintiff has lost salary, seniority, pension credits, benefits, and promotional opportunities, and also sustained emotional distress, humiliation, and mental anguish.

45.   Upon information and belief, defendants failed and refused to accommodate plaintiff's disability by allowing him to take appropriate medication to treat his condition.

46.   On or about April 6, 2004, plaintiff commenced an action in New York State Supreme Court, New York County, challenging, inter alia, defendants' termination of him from the position of Firefighter and failure to reinstate him to the position of EMT in a timely matter, in violation of 42 U.S.C. § 1983 and provisions of state and local law. On or about April 16, 2004, defendants removed plaintiff's state action to federal court for the Southern District of New York.

47.   On or about July 22, 2004, plaintiff filed a charge with the United

-7-

States Equal Employment Opportunity Commission ("EEOC") asserting claims under the ADA.

48.   On or about March 23, 2005, the EEOC issued plaintiff a Right-to-Sue letter in connection with his July 22, 2004 charge.

49.   On or about May 11, 2005, plaintiff filed a second charge with the EEOC asserting claims of discrimination and retaliation under the ADA.

50.   On or about May 18, 2005, the EEOC issued plaintiff a Right-to-Sue letter in connection with his May 11, 2005 charge.

51.   Except as indicated in paragraph 45, there has been no prior application to this or any other Court of competent jurisdiction for the relief sought herein.

52.   Prior to commencing this action, a copy of this complaint was served upon the Corporation Counsel's Office and upon the New York City Commission on Human Rights pursuant to Code § 8-502(c).

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<u>AGAINST DEFENDANTS FD AND THE CITY</u>

53.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

54.   The actions of defendants FD and the City in terminating plaintiff from the position of Firefighter and delaying his reinstatement to the position of EMT because of his disability violated the ADA, 42 U.S.C. § 12112,  and other applicable provisions of federal, state, and local laws, rules, and regulations.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>AGAINST DEFENDANTS FD AND THE CITY</u>

-8-

55.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

56.   The actions of defendants FD and the City in preferring charges against plaintiff as an EMT, seeking his termination, and ultimately terminating him from the position of EMT violated the ADA, 42 U.S.C. §§ 12112 and 12203, and other applicable provisions of federal, state, and local laws, rules, and regulations.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
<u>AGAINST ALL DEFENDANTS</u>

57.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

58.   The actions of all defendants in preferring charges against plaintiff as an EMT, seeking his termination, and ultimately terminating him from the position of EMT violated Executive Law § 296(1)(a), (1)(e), and (7), Code § 8-107(1)(a) and (15)(a), 42 U.S.C. § 1983, and other applicable provisions of federal, state, and local laws, rules, and regulations.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
<u>AGAINST DEFENDANTS FD AND THE CITY</u>

59.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

60.   The actions of defendants FD and the City in failing and refusing to accommodate plaintiff's disability violated the ADA, 42 U.S.C. § 12112, and other applicable provisions of federal, state, and local laws, rules, and regulations.

<u>AS AND FOR AN FIFTH CAUSE OF ACTION</u>
<u>AGAINST ALL DEFENDANTS</u>

61.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

62.   The actions of all defendants in preferring charges against plaintiff as an EMT, seeking his termination, and ultimately terminating him from the position of EMT, and failing and refusing to accommodate his disability were arbitrary, capricious, unreasonable, and unlawful.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>
<u>AGAINST DEFENDANTS FD AND THE CITY</u>

63.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

64.   Upon information and belief, defendants have a policy of preferring charges against and terminating individuals who take prescription medication.

65.   Defendant FD's and the City's policy of charging and terminating individuals who take prescription medication has an adverse impact on persons who suffer from plaintiff's condition and/or similar medical conditions in violation of the ADA, 42 U.S.C. § 12101, <u>et</u> <u>seq.</u>, and other applicable provisions of federal, state, and local law, rules, and regulations.

<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>
<u>AGAINST ALL DEFENDANTS</u>

66.   Plaintiff realleges and reasserts each and every allegation contained in Paragraphs "1" through "52" as if fully set forth herein at length.

67.   Upon information and belief, defendants have a policy of preferring charges against and terminating individuals who take prescription medication.

68.   Defendants' policy of charging and terminating individuals who take

-10-

prescription medication has an adverse impact on person who suffer from plaintiff's condition and/or similar medical conditions in violation of 42 U.S.C. § 1983, and other applicable provisions of federal, state, and local law, rules, and regulations.

<u>Demand for Jury Trial</u>

69.   Plaintiff hereby demands a trial by jury in this case on all issues so triable.

WHEREFORE, plaintiff prays for a judgment:

A)   Directing and ordering defendants to reinstate him to his position as Firefighter in the FD with full back pay, seniority, privileges, benefits, and pension credit retroactive to December 8, 2003;

B)   In the alternative, directing and ordering defendants to reinstate him to his position as EMT with full back pay, seniority, privileges, benefits, and pension credit retroactive to March 25, 2005;

C)   Directing and ordering defendants to make plaintiff whole for their delay in reinstating him to EMT, including back-pay, seniority, and all applicable, privileges, benefits, and pension credit retroactive to December 8, 2003;

D)   Awarding plaintiff appropriate compensatory and punitive damages;

E)   Directing defendants to pay plaintiff the costs of this action and reasonable attorney's fees; and

F)   Ordering such other and further relief as to this Court may seem just
and proper.

Dated: New York, New York
       June 21, 2005

Gordon, Gordon & Schnapp, P.C.
Attorneys for Plaintiff
437 Madison Avenue - 39th Floor
New York, N. Y.  10022
Telephone No. (212) 355-3200

By: _____
        JAMES M. THAYER (JT 6545)